IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXSAM, INC., | |
| v. | CIVIL ACTION NO. 1:12-CV-3651-SCJ-ECS |
| INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., | |
| ALEXSAM, INC., | CIVIL ACTION NO. 2:10-cv-00093-MHS-CMC |
| Plaintiff, | |
| v. | The Honorable Michael H. Schneider |
| BEST BUY STORES LP, et al., | Magistrate Judge Caroline M. Craven |
| Defendants | (*pending in the United States District Court For The Eastern District of Texas*) |

**O R D E R**

This matter is before the Court on a motion by Plaintiff Alexsam, Inc. ("Alexsam" or "Plaintiff") to compel production from nonparty Interactive Communications International, Inc. ("InComm"), [Doc 1], of documents allegedly relevant to a civil action pending in the United States District Court for the Eastern District of Texas ("the Texas litigation"). See Alexsam, Inc. v. Best Buy Co., 2:10-CV-00093 (E.D. Tex. Oct. 15, 2012). In the Texas litigation, Plaintiff alleges that several defendants, not including InComm, have infringed on two of its patents (U.S. Patent No. 6,000,608, or "the '608 patent"; and No. 6,189,787, or "the '787 patent").

**I.**

**<u>Background</u>**

Plaintiff seeks documents filed by InComm in a separate proceeding ("InComm-Blackhawk Wisconsin litigation") in expectation that those documents contain information about an even earlier arbitration proceeding between InComm and Alexsam and are relevant to several defenses brought by the defendants in the pending Texas litigation.

**A. <u>The 2004 Alexsam-InComm Litigation</u>**

In 2004, Plaintiff filed suit in the United States District Court for the Eastern District of Texas against InComm alleging infringement of the '608 and '787 patents by InComm's prepaid giftcard activation systems. [Doc 5 at 5]. This litigation resulted in a settlement wherein the parties entered into a licensing agreement allowing InComm to activate gift cards using an Open Network in exchange for royalties ("Alexsam License"). [Id. at 6]. In 2008, Plaintiff instituted a private arbitration in Texas under the Alexsam License alleging that the license also covered InComm's activation of prepaid gift cards over Closed and Private Networks ("Alexsam-InComm arbitration"). [Id. at 7]. At the conclusion of the Alexsam-InComm arbitration in 2011, the Arbitrator held that the Alexsam License did not cover Closed and Private Network

-2-

activation and InComm owed Alexsam no additional royalties as a result. [Doc 5-5 at 32-35].

**B. The InComm-Blackhawk Wisconsin Litigation**

In 2009, InComm, along with e2Interactive, Inc., instituted the InComm-Blackhawk Wisconsin litigation against Blackhawk Network, Inc. ("Blackhawk")for infringement of its U.S. Patent No. 7,578,439 ("the '439 patent") in the United States District Court for the Western District of Wisconsin. [Doc 1-7 at 2]. See e2Interactive, Inc. v. Blackhawk Network, Inc., 3:09-CV-00629 (W.D. Wis. Dec. 13, 2012). In its defense, Blackhawk cited Alexsam's '608 and '787 patents in an attempt to invalidate InComm's '439 patent. [Doc. 1-1 at 5; Doc. 5 at 9]. The documents filed in this Wisconsin litigation are subject to a protective order. [Doc. 1-1 at 5-6; Doc. 1-8].

**C. Alexsam's Motion to Compel Production of Documents**

In the pending Texas litigation, defendants, including Best Buy, assert both a licensing defense and *res judicata* defense, based upon the prior Alexsam-InComm arbitration and Alexsam License agreement. [Doc. 1-4]. In connection with these defenses, Plaintiff seeks the production of five specific docket entries and "any supporting documents or attachments thereto," from the InComm-Blackhawk Wisconsin litigation as well as "[a]ll pleadings and discovery from documents from the InComm v. Blackhawk case that

-3-

mention Alexsam, the '608 patent, the '787 patent, and the Alexsam-InComm arbitration." [Doc. 1-9 at 6-7]. Plaintiff argues that "statements [] that InComm and Blackhawk made about the InComm/Alexsam arbitration or the prior license agreement between Alexsam and InComm, are directly relevant to Best Buy (and the other Defendants') licensing and *res judicata* defenses [and] may also be relevant to damages issues." [Doc. 1-1 at 11, 12, 14, 15, 17].

On July 23, 2012, Plaintiff served both Blackhawk and InComm with subpoenas to produce documents. [Doc. 1-9, 1-10]. Both initially objected (see [Doc. 1-14]), and InComm continues to object on relevance grounds. However, with respect to the documents at issue in this motion to compel, Blackhawk has stated that it will produce the documents if InComm consents. [Doc 1-1 at 9]. The Court held a telephone hearing with Alexsam and InComm on the Motion to Compel and directed InComm to submit the requested documents (InComm v. Blackhawk Dkt. Nos. 281, 284, 338, 342, 343) to the Court for *in camera* inspection by Monday, February 11, 2013. InComm complied.

## II.

### *In Camera* Review

Rule 45 of the Federal Rules of Civil Procedure governs the production of documents by a non-party pursuant to a subpoena.

See Fed. R. Civ. P. 45.  In relevant part, the rule states:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.

Fed. R. Civ. P. 45(c)(2)(B).  If an objection is made to the subpoena, then "the serving party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i).

The scope of discovery under a Rule 45 subpoena for production of documents "is the same as the scope of discovery under Rule 26(b) and Rule 34." Dering v. Serv. Experts Alliance LLC, 69 Fed. R. Serv.3d 939 (N.D. Ga. 2007); see also 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 1999). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if [] it has any tendency to make a fact more or less probable than it would be without the evidence; and

-5-

[] the fact is of consequence in determining the action." Fed. R. Evid. 401. These discovery rules "are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

The party issuing a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). It is the issuing court's responsibility to "enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply." Id. Additionally, an order compelling the production of documents "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(c)(2)(B)(ii). In this regard, Rule 26(b) states that discovery must be limited when, among other things, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

When ruling on a motion to compel in the context of Rule 45, "the traditional balancing of the probative value to Plaintiffs against the burden placed upon the responding party is the

appropriate way to resolve the issue." Dering, 2007 WL 4299968, at *2; see also Se. Mech. Servs., Inc. v. Brody, No. 1:09-CV-0086-GET, 2009 WL 3095642 (N.D. Ga. June 22, 2009). Accordingly, the factors to be considered are: (1) the relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed, including the expense and inconvenience to a nonparty to whom a request is made. See Se. Mech. Servs., Inc., 2009 WL 3095642, at *3 (citing Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812 (5th Cir. 2004)) see also Aeritas, LLC v. Delta Airlines, Inc., 1:13-CV-00346-RWS, 2013 WL 454452 (N.D. Ga. Feb. 7, 2013) (stating that "non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue").

Having reviewed the documents, the Court finds that the following documents are relevant to Plaintiff's claims or defenses and, further, that producing the documents would not impose an undue burden on InComm. Therefore, the Court **GRANTS** Plaintiff's motion to compel these documents:

- Request 2: Dkt. No. 284
- Request 2: Dkt. No. 284-3

AO 72A
(Rev.8/82)

- Request 2: Dkt. No. 284-4
- Request 2: Dkt. No. 284-5
- Request 2: Dkt. No. 284-7
- Request 2: Dkt. No. 284-9
- Request 3: Dkt. No. 338
- Request 4: Dkt. No. 342
- Request 5: Dkt. No. 343
- Request 5: Dkt. No. 343-3
- Request 5: Dkt. No. 343-4
- Request 5: Dkt. No. 343-6

The Court finds the following documents not relevant to Plaintiff's claims or defenses and therefore **DENIES** Plaintiff's motion to compel these documents:

- Request 1: Dkt. No. 281
- Request 2: Dkt. No. 284-1
- Request 2: Dkt. No. 284-2
- Request 2: Dkt. No. 284-6
- Request 2: Dkt. No. 284-8
- Request 2: Dkt. No. 284-10
- Request 5: Dkt. No. 343-1
- Request 5: Dkt. No. 343-2
- Request 5: Dkt. No. 343-5
- Request 5: Dkt. No. 343-7

AO 72A
(Rev.8/82)

- Request 5: Dkt. No. 343-8

- Request 5: Dkt. No. 343-9

- Request 5: Dkt. No. 343-10

Accordingly, Plaintiff's motion to compel document production [Doc. 1] is **GRANTED IN PART** and **DENIED IN PART**. InComm is directed to produce the relevant documents for inspection by Alexsam within fourteen (14) days of this order upon terms agreed upon by the parties.[1] Plaintiff will be responsible for the costs related to retrieving, copying, and returning the documents to InComm, if necessary.

**SO ORDERED**, this 13th day of September, 2013.

                                         _/s/ E. Clayton Scofield_
                                         E. CLAYTON SCOFIELD III
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] All documents provided to the Court for *in camera* review will be placed under seal with the clerk.

-9-